## Matter of Johnson Street

*Augustus R. Sigismondi*, for exceptants.

REIMEL, J., December 18, 1956—This matter comes before the court upon exceptions of the City of Philadelphia to a report of the board of view. On March 11, 1947, an ordinance of city council was approved which authorized the opening of the portion of Johnson Street from Thouron Avenue to Limekiln Turnpike. This portion of Johnson Street had been legally opened by dedication by deed dated February 18, 1875. Notice of this ordinance of March 11, 1947, was served upon the predecessors in title to the properties under discussion on April 17, 1947, and May 2, 1947. On June 10, 1947, an ordinance of City Council which authorized the grading of this section of Johnson Street was approved. No notice of this ordinance was served upon the parties in interest and no work of grading started until November 4, 1953.

On November 20, 1953, Margaret Reilly filed a petition requesting a board of view be appointed to assess damages caused by this grading. On November 24, 1953, such a board was appointed and after hearings $1,200 was awarded Margaret Reilly and $3,400 to Michael and Archangelo De Paul. It is to the report awarding such damages that the city has filed its exceptions claiming that the statute of limitations had run since the petition for the appointment of a board of view was filed more than six years after the notice of the opening of Johnson Street.

It is true that the Act of May 26, 1891, P. L. 117, sec. 1, 53 PS §1674, requires that all claims for the appropriation of land shall include claims for damages due to grade at which the street is being opened. However, in the case under consideration no right of action arose at the time of the notice of the opening of the street, since the road had been opened by means of dedication in 1875. Likewise, the statute of limitations set forth in the Act of May 23, 1891, P. L. 109, sec. 1, 53 PS §1676, which requires that the petition

for the assessment of damages be filed within six years of the notice of the opening of the road is inapplicable since at the time of such notice there were no damages that would be caused by the opening. It is only the grading of the road which would result in damage to the properties involved and since no notice that the road was to be graded was served on the landowners, the statute of limitations had not run when the petition for the appointment of a board of view was filed on November 20, 1953.

It is for these reasons that the awards of the board of view are affirmed and the exceptions of the city are dismissed.